## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VANTAGEPOINT AI, LLC, a )
Florida limited liability company )
)
      Plaintiff, )
)   CASE NO: 8:22-cv-01370-WFJ-AEP
      v. )
)
JOHN DOE dba VANTAGE POINT )
X, )
)
      Defendant. )
)

## ORDER ON DEFAULT JUDGMENT

Before the Court is Plaintiff's Motion for Entry of Default Judgment. Dkt. 23. After careful consideration of the submissions and the entire file, the Court concludes the motion should be granted in part and denied in part.

## Background

Plaintiff VantagePoint AI, LLC ("VantagePoint") is a software company that creates and sells artificial intelligence software for traders worldwide.  Dkt. 1 ¶¶ 1, 9. VantagePoint has used the distinctive VantagePoint mark in commerce since 1983 in connection with the promotion, advertisement, distribution, and sale of its proprietary A.I. trading software.  *Id.* ¶ 10.  As part of promoting its software, VantagePoint also compiled and created videos of customer testimonials.  *Id.* ¶¶ 17, 18.

Defendant "Vantage Point X" has used its confusingly similar name to promote similar A.I. trading software. *Id*. ¶ 20. Vantage Point X posted on its website https://www.vantagepointx.com and other places on the internet the unaltered videos of VantagePoint customers. *Id*. ¶¶ 26, 27. As a result, Defendant's adoption and use of Plaintiff's mark and videos will likely continue to cause confusion and likely deceive the consuming public into believing mistakenly that Defendant's software originates from and is associated with or authorized by VantagePoint. *Id*. ¶ 33.

The complaint alleges false designation of origin under 15 U.S.C. § 1125(a) (Count I), copyright infringement under 17 U.S.C. § 501 (Count II), and common law unfair competition (Count III). *Id* ¶¶ 39–58. The Court authorized alternative service of process because Defendant hid its identity by using a third party to anonymously register its domain name. Dkt. 14. Plaintiff served Defendant through its available means. Dkt. 18-1. A clerk's default was entered against Defendant. Dkt. 19.

## Liability

To establish false designation of origin under § 1125(a) (Count I), "a claimant must show (1) that it had prior rights to the mark at issue and (2) that the defendant had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citation omitted). As to prior rights, the VantagePoint mark is not and need not be federally registered. *See Matal v. Tam*, 137 S. Ct. 1744, 1752 (2017); *Planetary Motion, Inc.*, 261 F.3d at 1193. The well-

pled allegations show that VantagePoint established its ownership rights in the mark through actual prior use in commerce with the sale of A.I. trading software.

As to the second element, Vantage Point X is confusingly similar to VantagePoint such that consumers are likely to mistake the two. The Court has considered and finds: (1) the VantagePoint mark is inherently distinctive;[1] (2) the infringing mark is virtually identical; (3) Vantage Point X is using VantagePoint's name to offer the same A.I. product; (4) they each market and sell their products through websites with similar domains; (5) Vantage Point X's intent to misappropriate VantagePoint's goodwill is clear from its unauthorized use of VantagePoint's customer testimonials on its website and social media platforms; and (6) many customers have been demonstrably tricked into purchasing Vantage Point X's product per the many negative reviews of Vantage Point X cited in the complaint. *See Welding Servs. v. Forman*, 509 F.3d 1351, 1360 (11th Cir. 2007) (detailing factors for consideration).

Because the elements of trademark infringement and common law unfair competition are the same,[2] Vantage Point X is liable under both Counts I and III. As to Count II for copyright infringement, however, the Court declines to find liability because Plaintiff's complaint does not allege that the testimonials were preregistered or registered with the Copyright Office or cite any statutory exception. *See Fourth Est.*

---

[1] *See Engineered Tax Servs., Inc. v. Scarpello Consulting, Inc.*, 958 F.3d 1323, 1327–28 (11th Cir. 2020) (fanciful, arbitrary, and suggestive marks are inherently distinctive).

[2] *See Maurer Rides USA, Inc. v. Beijing Shibaolia Amusement Equip. Co.*, No. 6:10-cv-1718-Orl-37KRS, 2012 WL 2469981, at * (M.D. Fla. May 30, 2012), *adopted in part by*, 2012 WL 2463834 (M.D. Fla. June 12, 2012) (granting default judgment and finding same allegations adequate to establish liability under the Lanham Act and Florida unfair competition).

*Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (citing necessity to follow requirements of 17 U.S.C. § 411(a)).

### Damages/Injunctive Relief

Plaintiff may recover damages including "defendant's profits" for trademark infringement.  15 U.S.C. § 1117(a).  A plaintiff may be awarded defendant's profits if any of the following three circumstances exist: "(1) the defendant's conduct was willful and deliberate, (2) the defendant was unjustly enriched, or (3) it is necessary to deter future conduct."  *Optimum Techs., Inc. v. Home Depot U.S.A., Inc.*, 217 F. App'x 899, 902 (11th Cir. 2007).  The Court finds that Defendant was unjustly enriched, at the least, and Plaintiff is therefore entitled to Defendant's profits under § 1117(a).

To determine Defendant's profits, Plaintiff must prove the Defendant's sales. 15 U.S.C. § 1117(a).  Even where the plaintiff lacks access to the defendant's sales or financial records, as is the case here, damages may nevertheless be awarded where the plaintiff can reasonably estimate the total sales by using information from the defendant's "internet presence."[3]  Plaintiff has shown Defendant's Instagram account (to which a link is provided on Vantage Point X's website) has 302 followers and its YouTube channel (to which a link is also provided) has 177 subscribers.  According to Defendant's website, it charges about $500 for its infringing product.[4]  The total

---

[3] *See Crossfit, Inc. v. Quinnie*, 232 F. Supp. 3d 1295, 1311–12 (N.D. Ga. 2017) (entering default judgment and awarding damages in trademark infringement action based on the number of visitors to the defendant's Facebook page and average membership cost per month charged by the defendant business).

[4] *See* https://www.vantagepointx.com ("Choose your Plan").

number of customers (479) multiplied by $500 (per sale) amounts to $239,500.00.  The Court finds this sum, which is based on reasonable estimates, sufficiently certain to award damages on Plaintiff's submissions.  *See Aronowitz v. Health–Chem Corp.*, 513 F.3d 1229, 1241 (11th Cir. 2008) ("Lanham Act damages may be awarded even when they are not susceptible to precise calculations.") (citation omitted).

Having awarded lost profits, the Court denies statutory damages under 15 U.S.C. § 1117.  Plaintiff may be awarded recoverable costs under the Lanham Act.[5] The Court will also grant appropriate permanent injunctive relief to prevent violations of trademark law.  15 U.S.C. §1116(a).

It is therefore **ORDERED AND ADJUDGED**:

1.  Plaintiff's motion for default judgment (Dkt. 23) is granted as to liability for Counts I and III, injunctive relief as set forth below, and actual damages. The motion is otherwise denied.

2.  Defendant, and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them, is permanently enjoined and restrained from selling, marketing, advertising, promoting, or authorizing

---

[5] Because the Act does not specify which costs are recoverable, the Court is limited by 28 U.S.C. §§ 1821 and 1920.  *See Crawford Fitting Co. v. J.T. Gibbons*, Inc., 482 U.S. 437, 445 (1987); *Ordonez v. Icon Sky Holdings, LLC*, No. 10-60156-Civ, 2011 WL 3843890, at *10 (S.D. Fla. Aug. 30, 2011) (awarding costs under Lanham Act as limited by §§ 1821 and 1920).  Furthermore, although attorney's fees may be awarded in "exceptional" cases under 15 U.S.C. § 1117(a), the Court finds that this case does not warrant such status.  *See Tobinick v. Novella*, 884 F.3d 1110, 117–18 (11th Cir. 2018) (extending exceptional case standard to trademark infringement).

any third party to sell, market, advertise or promote any A.I. trading software or similar product bearing the mark "Vantage Point X."

3. Defendant, and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them, is permanently enjoined and restrained from making or displaying any statement, representation, or depiction that is likely to lead the consuming public to believe that: (i) Defendant's A.I. trading software or similar products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff; or (ii) Plaintiff's A.I. trading software products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant.

4. Plaintiff is awarded actual damages in the amount of $239,500.00, pursuant to 15 U.S.C. § 1117(a), against Defendant.

5. The Court will entertain a motion for recoverable costs upon timely filing.

6. The Clerk is directed to enter final default judgment in favor of Plaintiff and against Defendant in accordance with paragraphs 2 through 4 above, terminate any pending motions/deadlines, and close the case.

**DONE AND ORDERED** in Tampa, Florida, on May 4, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**
Counsel of Record
Any Unrepresented Person